**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MATTER OF THE *EX PARTE* APPLICATION OF B&C KB HOLDING GMBH FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FROM GOLDBERG LINDSAY & CO. LLC D/B/A LINDSAY GOLDBERG AND MICHAEL DEES | Case No. 22-mc-180 |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION**
**FOR AN ORDER TO TAKE DISCOVERY**
**PURSUANT TO 28 U.S.C. § 1782**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii
INTRODUCTION .............................................................................................................................. 1
ARGUMENT ..................................................................................................................................... 2
    I.    The Application Satisfies the Statutory Requirements of 28 U.S.C. § 1782. ...................... 3
        A.    Lindsay Goldberg and Michael Dees Reside or are Found in the Southern District of New York. ................................................................................................................ 3
        B.    The Evidence Requested is "For Use" in Foreign Proceedings .................................... 4
        C.    Applicant Is an "Interested Person" under Section 1782. ............................................ 6
    II.    All Discretionary Factors Favor Granting the Application ................................................. 7
        A.    Discovery is not Sought from a Party to the Foreign Proceeding ................................ 7
        B.    The Foreign Tribunals are Receptive to the Requested Discovery .............................. 8
        C.    Applicant is not Circumventing any Foreign Law Proof-Gathering Restrictions. ........ 9
        D.    The Discovery Requests are not Unduly Intrusive or Burdensome ............................ 10
        E.    Ex Parte Relief Is Warranted Under Section 1782 ..................................................... 11
CONCLUSION ................................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017) .......... 7

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76 (2d Cir. 2012) ...................... 3, 10

*Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136 (2d Cir. 2022) ................... 5, 6

*Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012) ................................................................ 12

*In re Accent Delight Int'l Ltd.*, 869 F.3d 121 (2d Cir. 2017) ...................................................... 4, 5

*In re Appl. for an Order Permitting Metallgesellschaft AG to Take Disc.*, 121 F.3d 77 (2d Cir. 1997) ................................................................................................................................... 9

*In re Application for an Ord. Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proc.*, 773 F.3d 456 (2d Cir. 2014) ................................................................................ 6

*In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996) ........................................................... 3, 9

*In re Berlamont*, No. 14-MC-00190 JSR, 2014 WL 3893953 (S.D.N.Y. Aug. 4, 2014) ............... 6

*In re Catalyst Managerial Servs.*, DMCC, 680 F. App'x 37 (2d Cir. 2017) ............................... 10

*In re Clerici*, 481 F.3d 1324 (11th Cir. 2007) ............................................................................... 8

*In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019) ...................................................................... 8, 9

*In re Eurasian Bank JSC*, No. 19-MC-00568 (RA), 2020 WL 85226 (S.D.N.Y. Jan. 2, 2020) .... 4

*In re Euromepa*, 51 F.3d 1095 (2d Cir. 1995) .............................................................................. 9

*In re Furstenberg Fin. SAS*, 18-mc-44 (JGK), 2018 WL 3392882 (S.D.N.Y. Jul. 12, 2018) ........ 6

*In re Furstenberg Fin. SAS*, No. 16-MC-60266, 2016 WL 10707012 (S.D. Fla. July 27, 2016)... 7

*In re Furstenberg Finance SAS*, 785 F. App'x 884 (2d Cir. 2019) ............................................. 6, 7

*In re Gorsoan Ltd.*, 652 F. App'x 7 (2d Cir. 2016) ........................................................................ 9

*In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243 (S.D.N.Y. 2018) .............. 8, 10

*In re Hornbeam Corp.*, 722 F. App'x 7 (2d Cir. 2018) ................................................................ 12

*In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1), 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015) ............................................................................................................................................ 12

*In re Iraq Telecom Ltd.*, No. 18-MC-458 (LGS)(OTW), 2019 WL 3798059 (S.D.N.Y. Aug. 13, 2019) ............................................................................................................................................. 8

*In re Iraq Telecom Ltd.*, No. 18-MC-458 (LGS)(OTW), 2019 WL 5080007 (S.D.N.Y. Oct. 10, 2019) ............................................................................................................................................. 8

*In re Kleimar N.V.*, 220 F. Supp. 3d 517 (S.D.N.Y. 2016) ............................................................. 4

*In re O'Keeffe*, 650 F. App'x at 83 (2d Cir. 2016) ..................................................................... 8, 9

*In re Rodriguez Guillen*, 20-mc-102, 2020 WL 3497002 (S.D.N.Y. June 29, 2020) .................... 6

*In re Top Matrix Holdings Ltd.*, No. 18 Misc. 465 (ER), 2020 WL 248716 (S.D.N.Y. Jan. 16, 2020) ............................................................................................................................................ 10

*In re Vinmar Overseas, Ltd.*, No. 20-MC-277 (RA), 2020 WL 4676652 (S.D.N.Y. Aug. 12, 2020) ............................................................................................................................................. 4

*In re Yeo*, No. 1:18-MC-483 (S.D.N.Y. Nov. 1, 2018) ................................................................. 4

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ...................................... passim

*Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015) ....................................................................... 3, 5, 10

**Statutes**

28 U.S.C. § 1782 ................................................................................................................... passim

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 10

B&C KB Holding GmbH ("B&C KB Holding" or "Applicant") respectfully submits this memorandum of law in support of its application for an order from this Court pursuant to 28 U.S.C. § 1782 authorizing it to serve subpoenas for documents and testimony on Goldberg & Lindsay & Co. LLC ("Lindsay Goldberg") and Michael Dees ("Dees"). All capitalized terms not otherwise defined herein shall have the meaning as defined in the accompanying application.

## INTRODUCTION

As set forth in greater detail in the accompanying application and supporting declarations, Applicant seeks evidence for use in pending criminal investigations in Austria and Germany, predicated on criminal complaints instituted in both countries. The criminal complaints and investigations stem from powerful indications of a large-scale scheme to defraud involving manipulation of financial statements, misappropriation of monies, and other evidence of misconduct at the European-based Schur Flexibles group of companies ("Schur Flexibles Group" or "Schur"). Applicant is an interested party and a victim of the crimes being investigated, because, in 2021, Applicant purchased an 80% interest in the Schur Flexibles Group, for a purchase price of approximately EUR 258.4 million and other consideration, from Atlas Flexibles Coöperatief U.A. ("AF Coop") and Lindsay Goldberg Europe GmbH ("LGE").

Lindsay Goldberg and Dees are found in this District and possess information that will aid the subject foreign proceedings, due to their significant involvement with the Schur Flexibles Group prior to the sale to Applicant. Lindsay Goldberg is a New York-based private equity firm whose European investment vehicles acquired the Schur Flexibles Group in 2016 and, in 2021, through AF Coop and LGE (together, "LG Sellers"), sold most of that interest to Applicant. Dees, a Lindsay Goldberg Managing Partner in its New York headquarters, is responsible for the firm's European investment activities and is a member of the firm's investment committee. In that

1

capacity, he was a member of the SF Holding Advisory Board and former Managing Director of the Schur Flexibles Group ownership entity, Atlas; he was a Director of AF Coop; and, at the time of the sale to Applicant, Dees was designated a "Knowledge Bearer" of that selling entity under the agreement governing the sale. Additionally, in 2017, Dees signed the formal resolution that appointed PricewaterhouseCoopers Österreich GmbH Wirtschaftsprüfungsgesellschaft ("PwC") as auditor for the Schur Flexibles Group.

At present, prosecuting authorities in both Germany and Austria are conducting criminal investigations into a variety of activities at and surrounding the Schur Flexibles Group, including the knowledge and conduct of LGE Managing Partner Thomas Unger ("Unger"). Applicant expects that Lindsay Goldberg and Dees, both of whom reside or are found in this District, have knowledge and documents in their possession, custody or control that are relevant to those investigations and therefore respectfully request that the Court grant this Application.

## ARGUMENT

The Court should grant this Application because (i) Applicant satisfies the statutory requirements for relief under Section 1782; and (ii) all four discretionary *Intel* factors heavily favor granting the Application.

Section 1782 allows federal district courts to authorize litigants to obtain evidence for use in foreign proceedings. In pertinent part, 28 U.S.C. § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

2

Thus, a district court is authorized to grant an application pursuant to 28 U.S.C. § 1782 if an applicant satisfies the following statutory requirements: (1) the party from whom the discovery is sought resides or is found in the district where the application is made; (2) the discovery is intended "for use" in a foreign proceeding; and (3) the application is made by an "interested person" in the foreign proceeding. *Id.*; *In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (*per curiam*); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (citing statutory factors); *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (citing same). This Application meets all the statutory requirements.

Once the statutory prerequisites are met, courts consider four discretionary factors set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004): (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (iii) whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (iv) whether the discovery sought is "unduly intrusive or burdensome[.]" *Id.* at 264-65. District courts have broad discretion in granting judicial assistance to foreign tribunals to obtain evidence for use in a foreign proceeding. *See id.* at 259.

**I.      The Application Satisfies the Statutory Requirements of 28 U.S.C. § 1782.**

The Application satisfies each of the three statutory requirements of Section 1782.

### A.     *Lindsay Goldberg and Michael Dees Reside or are Found in the Southern District of New York.*

Lindsay Goldberg is headquartered in this District at 630 Fifth Avenue, New York, NY. *See* Rosenbaum Decl. ¶ 5. Dees works as a Managing Partner at Lindsay Goldberg's headquarters in this District and upon information and belief is found or resides in this District. *Id.* ¶¶ 9-10.

3

Section 1782 respondents are "found" in the District if they are headquartered in, reside in, or regularly transact business in New York. *See In re Vinmar Overseas, Ltd.*, No. 20-MC-277 (RA), 2020 WL 4676652, at *1 (S.D.N.Y. Aug. 12, 2020) (Respondent Clearing House is found in the Southern District of New York and regularly transacts business in the District); s*ee also* Order, *In re Yeo*, No. 1:18-MC-483 (S.D.N.Y. Nov. 1, 2018), ECF No. 6 (granting discovery pursuant to Section 1782 from the Federal Reserve Bank and from several financial institutions, including BNY Mellon and Pershing); *In re Eurasian Bank JSC*, No. 19-MC-00568 (RA), 2020 WL 85226, at *1 (S.D.N.Y. Jan. 2, 2020) (finding that BNY Mellon, Citibank, JP Morgan and several other banks reside in the Southern District of New York); *In re Kleimar N.V.*, 220 F. Supp. 3d 517, 521 (S.D.N.Y. 2016) (holding that a 28 U.S.C. § 1782 target was found in this District where, among other things, it "appear[ed] to conduct systematic and regular business in the United States and New York").

Here, Lindsay Goldberg maintains its headquarters in the Southern District of New York and regularly conducts business in this District, and Dees is believed to reside and work for Lindsay Goldberg as a Managing Partner in this District, thus regularly conducting business here. As such, Lindsay Goldberg and Dees are "found in" the Southern District of New York.

### B. The Evidence Requested is "For Use" in Foreign Proceedings.

The discovery sought through this Application is for use in the pending Austrian and German Criminal Investigations.

*First*, the "for use" requirement is met where the applicant is, or will be, a party to a foreign proceeding or investigation with procedural rights to submit evidence, without regard as to whether the evidence will ultimately be admissible in the foreign tribunal. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017) (finding the "for use" statutory requirement met where the

applicants were "parties to that [foreign] proceeding," and "retain[ed] the procedural right to submit the requested documents to the magistrate overseeing the investigation").

B&C KB Holding, as the victim of the potential crimes that are being investigated in Austria and Germany, is an interested party to those proceedings. *See* Danckert Decl. ¶¶ 33-37; Rohregger Decl. ¶¶ 27-31. Further, under Austrian and German law, B&C KB Holding has the right to submit evidence to the prosecutors and help guide their investigations, and indeed B&C KB Holding intends to submit such evidence. *Id.* Thus, Applicant can "inject" the evidence obtained here into the Austrian and German Criminal Investigations. *In re Accent Delight*, 869 F.3d at 132 ("From this discussion the following principles emerge. A Section 1782 applicant must establish that he or she has the practical ability to inject the requested information into a foreign proceeding. In this respect the term 'for use' in Section 1782 carries its ordinary meaning—that the requested discovery is 'something that will be employed with some advantage or serve some use in the proceeding.'" (quoting *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015)).

*Second*, the Austrian Criminal Investigation and German Criminal Investigation qualify as "foreign proceedings" under Section 1782. Indeed, in describing the kinds of foreign proceedings for which Section 1782 permits discovery, the statute specifically includes "criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 258 (holding that proceedings that have not "progressed beyond the investigative stage" can qualify for discovery under Section 1782).

Under Section 1782, foreign criminal investigations, like the Austrian Criminal and German Criminal Investigations, satisfy the "for use" requirement. *See e.g., Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 152-57 (2d Cir. 2022) (allowing discovery in aid of a criminal investigation in Nigeria); *In re Rodriguez Guillen*, 20-mc-102, 2020 WL 3497002,

5

at *2 (S.D.N.Y. June 29, 2020) ("In this case, Petitioner submitted a criminal complaint with incorporated civil damages claim to the prosecutor's office in the Dominican Republic, and the criminal complaint formally initiated legal proceedings and an investigation in the Dominican Republic."); *In re Furstenberg Fin. SAS*, 18-mc-44 (JGK), 2018 WL 3392882, at *4 (S.D.N.Y. Jul. 12, 2018) (finding petitioners satisfied Section 1782 requirements where they swore they intended to file a criminal complaint in Luxembourg Criminal Court where that filing would trigger an independent criminal investigation) *aff'd by In re Furstenberg Finance SAS*, 785 F. App'x 882 (2d Cir. 2019) (rejecting argument that petitioner's participation rights in Luxembourg criminal proceedings were "too attenuated" to satisfy the "for use" prong); *In re Berlamont*, No. 14-MC-00190 JSR, 2014 WL 3893953, at *1 (S.D.N.Y. Aug. 4, 2014), *aff'd sub nom. In re Application for an Ord. Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proc.*, 773 F.3d 456 (2d Cir. 2014) (the applicant's presentation of evidence in a Swiss criminal investigation satisfied the "for use in a foreign proceeding" requirement under 28 U.S.C. § 1782).

Here, the Austrian and German Criminal Investigations are currently pending and meet the "reasonable contemplation" test. Thus, this Application satisfies the "for use" requirement of Section 1782.

      **C.**     ***Applicant Is an "Interested Person" under Section 1782.***

Applicant is an "interested person" under the statute because it is the victim of the alleged fraud involving Schur Flexibles Group, is participating as such in the Austrian and German Criminal Investigations, and can submit evidence in both those proceedings. In *Intel*, the Supreme Court rejected the argument that only litigants (but not complainants) can be "interested person[s]" under Section 1782 and found that a complainant who "has a significant role in the [investigation] process" and possesses "participation rights" therein, including "the right to submit information"

6

during the investigation, was an "interested person." 542 U.S. at 256-57. While the facts of *Intel* involved an antitrust investigation conducted by the European Commission, courts have applied its holding in the context of a criminal investigation, concluding that "[w]hen criminal actions are commenced in which Applicants are complainants," as is the case here, "they would possess these 'participation rights' upon which the Court relied in *Intel* to determine the applicants in that case were 'interested persons.'" *In re Furstenberg Fin. SAS*, No. 16-MC-60266, 2016 WL 10707012, at *4 (S.D. Fla. July 27, 2016)*, aff'd sub nom. Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017) ("[B]ecause Applicants will be parties in a criminal action against JMP, thus possessing the 'participation rights' relied upon by the Supreme Court, this Court finds that Applicants satisfy the 'interested persons' element of Section 1782."); *see also Furstenberg Finance SAS*, 785 F. App'x at 884 (affirming district court's conclusion that petitioners were interested persons where, according to their affidavits, they would be parties to the foreign criminal proceeding and would submit relevant evidence directly).

Accordingly, because B&C KB Holding is or will be participating as the victim in the Austrian and German Criminal Investigations and has a right to submit evidence to the Prosecutors in Austria and Germany, B&C KB Holding qualifies as an "interested person" and this statutory requirement is met.

**II.     All Discretionary Factors Favor Granting the Application.**

Not only does this Application satisfy the statutory requirements of Section 1782, but each discretionary factor under the Supreme Court's *Intel* decision also favors granting the Application.

    **A.     *Discovery is not Sought from a Party to the Foreign Proceeding.***

This factor supports Section 1782 discovery when the discovery target is *not* a participant in the foreign proceeding because "nonparticipants in foreign proceedings may be outside the

7

foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Accordingly, courts routinely grant discovery where the respondent is not a party to the foreign proceeding. *In re del Valle Ruiz*, 939 F.3d 520, 534 (2d Cir. 2019) (granting discovery against nonparty); *In re O'Keeffe*, 650 F. App'x at 83, 85 (2d Cir. 2016) (same); *In re Iraq Telecom Ltd.*, No. 18-MC-458 (LGS)(OTW), 2019 WL 3798059, at *4 (S.D.N.Y. Aug. 13, 2019), *reconsideration denied*, No. 18-MC-458 (LGS)(OTW), 2019 WL 5080007 (S.D.N.Y. Oct. 10, 2019) (granting discovery against nonparty banks because they held quality records of accounts); *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 250 (S.D.N.Y. 2018) (granting discovery against third party).

Such is the case here. To Applicant's knowledge, Lindsay Goldberg and Dees are *not* participants in the Austrian and German Criminal Investigations. Also, the evidence that Lindsay Goldberg and Dees have in their possession "may be unobtainable" without Section 1782 discovery. *Intel*, 542 U.S. at 264 (". . . nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). This weighs in favor of granting the instant Application. *See id.*; *see also In re Clerici*, 481 F.3d 1324, 1335 (11th Cir. 2007) (finding that this factor weighs in favor of Section 1782 discovery for a respondent who is a party to the foreign proceeding but who left the jurisdiction).

### B.   *The Foreign Tribunals are Receptive to the Requested Discovery.*

This factor weighs against granting a Section 1782 application only if there is "authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782." *In re del Valle Ruiz*, 939 F.3d 520, 534 (2d Cir. 2019) (noting the absence of evidence that the foreign court would be unreceptive to U.S. judicial assistance); *In re O'Keeffe*, 650 F. App'x at 85 (same) (noting the

8

absence of evidence that the foreign court would be unreceptive to U.S. judicial assistance); *Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996); *In re Euromepa*, 51 F.3d 1095, 1100 (2d Cir. 1995).

Here, Applicant has submitted declarations of Austrian and German counsel explaining that evidence obtained through this Application will be usable in the pending Austrian and German Criminal Investigations. *See* Danckert Decl. ¶¶ 33-37; Rohregger Decl. ¶¶ 27-31. Thus, the second *Intel* factor weighs in favor of granting the Application.

   **C.**  ***Applicant is not Circumventing any Foreign Law Proof-Gathering Restrictions.***

Applicant seeks this discovery in good faith and is not seeking to circumvent the foreign tribunal's discovery methods and restrictions. The third *Intel* factor requires this Court to consider "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. There is no requirement, however, to prove that the evidence sought is discoverable in the foreign jurisdiction. *In re Gorsoan Ltd.*, 652 F. App'x 7, 9 (2d Cir. 2016) (citing *In re Appl. for an Order Permitting Metallgesellschaft AG to Take Disc.*, 121 F.3d 77, 79 (2d Cir. 1997)). Rather, courts have held repeatedly that there is no "requirement that evidence sought in the United States pursuant to § 1782(a) be discoverable under the laws of the foreign country that is the locus of the underlying proceeding." *Id.*

Furthermore, there is no local exhaustion requirement, and a district court may not refuse a Section 1782 discovery request just because a foreign tribunal has not yet had the opportunity to consider discovery or rule on the admissibility of evidence that might be generated from Section 1782 discovery. *Intel*, 542 U.S. at 261 (noting that the text of Section 1782 does not contain any generally applicable foreign-discoverability rule); *Mees*, 793 F.3d at 303 (holding that a Section

9

1782 applicant does not first have to attempt and fail at obtaining discovery in the foreign jurisdiction and expressly rejecting the notion of a "'quasi-exhaustion' requirement'"); *Brandi-Dohrn*, 673 F.3d at 82 ("[A]s a district court should not consider the discoverability of the evidence in the foreign proceeding, it should not consider the admissibility of evidence in the foreign proceeding in ruling on a section 1782 application." (emphasis in the original)); *In re Top Matrix Holdings Ltd.*, No. 18 Misc. 465 (ER), 2020 WL 248716, at *6 (S.D.N.Y. Jan. 16, 2020) ("[T]he third *Intel* factor does not require exhaustion of remedies, discoverability, or admissibility."). Accordingly, circumvention will not be found "merely [because] the requested documents are not obtainable through German procedures." *In re Hansainvest Hanseatische Investment-GmbH*, 364 F. Supp. 3d , at 251.

Under Austrian and German law, B&C KB Holding will be able to provide lawfully obtained evidence to the prosecutors to aid their investigations. *See* Danckert Decl. ¶¶ 33-34; Rohregger Decl. ¶¶ 27-28. Thus, the third *Intel* factor weighs in favor of granting the Application.

### D. *The Discovery Requests are not Unduly Intrusive or Burdensome.*

Lastly, Applicant's discovery requests are not unduly intrusive or burdensome. A district court evaluating a Section 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure. *Mees*, 793 F.3d at 302; *In re Catalyst Managerial Servs.*, DMCC, 680 F. App'x 37, 39 (2d Cir. 2017) (noting that "any proportionality analysis depends upon the relevance of the information sought").

Here, Applicant is the victim of the conduct under criminal investigation, through which it was induced to pay EUR 258.4 million plus additional consideration for a controlling share in the Schur Flexibles Group that turned out to be worthless and from which its executives and directors

10

may have looted millions of additional Euros. Applicant has a great interest in ensuring that this matter is fully investigated by the German and Austrian criminal authorities and that those responsible are brought to justice. Meanwhile, to name just a few examples, Lindsay Goldberg and Dees oversaw and participated in the LG Sellers' sale of an 80% interest in the Schur Flexibles Group to Applicant; Dees is responsible for Lindsay Goldberg's European investments (*i.e.*, the Schur Flexibles Group, among others); he is a member of the Lindsay Goldberg investment committee; he, on information and belief, engaged with the Schur Flexibles Group's auditors at PwC; and he held positions within the Schur Flexibles Group prior to the sale, such as Advisory Board member, Managing Director of Atlas, and Director of AF Coop. As such, Lindsay Goldberg and Dees are expected to possess information that is highly relevant to the foreign proceedings, including information about the Schur Flexibles Group's business, its financial performance and reporting, its management team, and potentially about deliberate efforts by Unger, Schernthaner and others to overstate EBITDA and loot the company. Applicant's discovery requests are appropriately tailored to capture evidence to assist in the pending Austrian and German Criminal Investigations.

Applicant has prepared targeted discovery requests, which seek a discrete universe of documents relating to the criminal actions under investigation in Austria and Germany. The requested deposition testimony is limited to the same topics. Thus, the requests are not "unduly intrusive or burdensome" and the fourth and final *Intel* factor weighs in favor of granting the Application as well.

### E. *Ex Parte Relief Is Warranted Under Section 1782*

"It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can

later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012). "District courts may and customarily do resolve applications for discovery pursuant to § 1782 through *ex parte* proceedings." *In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1), 2015 WL 13647606, at *4 (S.D.N.Y. Sept. 17, 2015) (collecting cases), *aff'd*, *In re Hornbeam Corp.*, 722 F. App'x 7 (2d Cir. 2018). If the Application is granted, Applicant will serve the subpoenas promptly, at which point Lindsay Goldberg and Dees will have ample opportunity to object.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

WHEREFORE, Applicant B&C KB Holding GmbH respectfully petitions this Court to enter the proposed Order, authorizing issuance of the subpoenas (attached as Exs. A-D to Rosenbaum Decl.) and directing Goldberg & Lindsay & Co. LLC and Michael Dees to respond to the subpoenas in accordance with the Order.

Dated:     July 14, 2022
           New York, New York

                                              Respectfully submitted,

                                               s/ Zachary D. Rosenbaum
                                              Zachary D. Rosenbaum
                                              Josef M. Klazen
                                              Leif T. Simonson
                                              zachary.rosenbaum@kobrekim.com
                                              jef.klazen@kobrekim.com
                                              leif.simonson@kobrekim.com
                                              KOBRE & KIM LLP
                                              800 Third Avenue
                                              New York, New York 10022
                                              T: +1 212 488 1200
                                              F: +1 212 488 1220

                                              *Attorneys for Applicant*
                                              *B&C KB Holding GmbH*