# EXHIBIT B

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| IN RE:<br>IN THE MATTER OF THE *EX PARTE* APPLICATION OF<br>B&C KB HOLDING GMBH FOR AN ORDER TO TAKE<br>DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FROM<br>GOLDBERG LINDSAY & CO. LLC D/B/A LINDSAY<br>GOLDBERG AND MICHAEL DEES | )<br>)<br>)   Civil Action No.<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

      The deposition will be recorded by this method: _____

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

       *CLERK OF COURT*

                                     OR

_____      _____
    *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

I.    **Definitions**

1.    This subpoena incorporates the definitions and rules of construction set forth in the Federal Rules of Civil Procedure.

2.    "<u>All</u>," "<u>any</u>" and "<u>each</u>" shall each be construed as encompassing any and all. *See* Local Rule 26.3(d)(1).

3.    "<u>And</u>" as well as "<u>or</u>" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. *See* Local Rule 26.3(d)(2).

4.    "<u>B&C KB Holding</u>" refers to B&C KB Holding GmbH.

5.    "<u>B&C</u>" refers to the B&C KB Holding as defined above, together with B&C Industrieholding GmbH and B&C Privatstiftung.

6.    "<u>Communication(s)</u>" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise. *See* Local Rule 26.3(c)(1).

7.    "<u>Including</u>" has its standard meaning and also means "including, but not limited to" and "including, without limitation."

8.    "<u>Relating to</u>," "<u>regarding</u>" and "<u>concerning</u>" have their standard meaning and also mean consisting of, referring to, reflecting, relating to, describing, evidencing, constituting or being in any way logically or factually connected with the matter discussed. *See also* Local Rule 26.3(c)(7).

9.    "<u>Relevant Time Period</u>" means the earlier of January 1, 2016 or when You began any form of diligence into an acquisition of Schur Flexibles Group through and including the date on which You appear to testify.

10.    "<u>Schur Flexibles Group</u>" refers to Atlas Flexibles GmbH, Schur Flexibles GmbH and/or Schur Flexibles Holding GmbH, including any of their subsidiaries, affiliates,

1

predecessors, successors, assignees, officers, directors, employees, representatives, and partners or anyone acting for or on its behalf.  References to "Schur Flexibles Group" should be understood to refer to any one or more of such entities.

11.     "LG Sellers" refers to Atlas Flexibles Coöperatif U.A. ("AF Coop") together with Lindsay Goldberg Europe GmbH ("LGE").

12.     "PwC" refers to PricewaterhouseCoopers Österreich GmbH Wirtschaftsprüfungsgesellschaft, including any of its subsidiaries, affiliates, predecessors, successors, assignees, officers, directors, employees, representatives, and partners or anyone acting for or on its behalf.

13.     "Shareholders Agreement" ("SHA") refers to the agreement entered into on September 29, 2021 between the LG Sellers and the B&C KB Holding.

14.     "Share Purchase Agreement" ("SPA") refers to the agreement entered into on May 15, 2021 between the LG Sellers and the B&C KB Holding.

15.     "You" and "Your" refer to Goldberg Lindsay & Co. LLC ("Lindsay Goldberg") and any of its subsidiaries, affiliates, predecessors, successors, assignees, officers, directors, employees, representatives, and partners, including the investment funds it manages, or anyone acting for or on its behalf.

## II.    **Deposition Topics**

**YOU ARE HEREBY COMMANDED** to designate one or more officers, directors, managing agents, or other persons to appear at the time, date, and place set forth in the attached subpoena to testify on Your behalf about the following matters:

1.     Your knowledge or awareness of the management structure and reporting responsibilities (whether formal or informal), management and/or supervisory or other boards, financial performance or financial condition of Schur Flexibles Group during the Relevant Time Period.

2

2.      Your relationship to the LG Sellers during the Relevant Time Period.

3.      Your knowledge or awareness of the conduct or activities of Thomas Unger, Michael Schernthaner, Michael Fischkin and Conny Stöhrer related to Schur Flexibles Group during the Relevant Time Period.

4.      Your Communications with any person regarding Schur Flexibles Group during the Relevant Time Period.

5.      Your direction of, approval of, knowledge of, or involvement in the SPA or SHA.

6.      Your knowledge of and/or involvement in the appointment of PwC as Schur Flexibles Group's auditor.

7.      Any Communications with any financial or other advisors regarding financial performance or financial condition of Schur Flexibles GmbH and/or Atlas Flexibles GmbH.

8.      Any Communications with any financial or other advisors regarding Schur Flexibles Group's financial performance or financial condition.

9.      The relationship of any advisors identified in response to Topic No. 7 to any executive, officer, director, or other employee of Schur Flexibles Group.

10.      The accounting policies or procedures at the LG Sellers and/or Schur Flexibles Group during the Relevant Time Period.

11.      Your knowledge of or involvement with any adjustments made to the corporate governance procedures, reporting structures or documentation practices at Schur Flexibles Group, including any practices, policies or procedures related to the recording of meeting minutes or decisions (including those of the Advisory Board of SF Holding).

12.      Any audit, investigation, review, or report in relation to Schur Flexibles Group.

13.      Communications with the LG Sellers and/or Schur Flexibles Group regarding Schur Flexibles Group's annual consolidated financial statements.

14.     The preparation, execution and termination of Project Sky 2019, including but not limited to any Communications with Goldman Sachs and all bidders regarding the same.

15.     The preparation and execution of Project Stelvio and/or Project Karakul, including but not limited to any Communications (including with any advisors, including McKinsey & Company and/or its affiliates) regarding due diligence or negotiations of the SPA and SHA.

16.     The employment, engagement or appointment of the following individuals:

    a.   Thomas Unger;

    b.   Michael Schernthaner;

    c.   Michael Fischkin; and

    d.   Conny Stöhrer.

17.     The relationship between Michael Schernthaner and Conny Stöhrer.

18.     Capitalization of expenditures at Schur Flexibles Group during the Relevant Time Period.

19.     Any payments made to, or work performed by, the following individuals or entities during the Relevant Time Period:

    a.   Thomas Unger;

    b.   Michael Schernthaner;

    c.   Michael Fischkin;

    d.   Conny Stöhrer;

    e.   Horst Bernegger;

    f.   Martin Worsch;

    g.   Bernard Klemen;

    h.   Markus Permusch;

    i.   Walter Ometto;

    j.  Lars Hyldgaard.

    k.  Mayfair House;

    l.  Savills (UK) Ltd.;

    m.  Studio Miaki Ltd.;

    n.  Portland Private Office Ltd.;

    o.  Velvet Lifestyle;

    p.  PwC;

    q.  Anghiari Consulting & Development GmbH;

    r.  ALLEGRO Consulting GmbH;

    s.  "Beyond People" Personal- und Unternehmensberatung GmbH & Co KG;

    t.  Pure 1 Performance GmbH;

    u.  GLASFORD International Austria GmbH;

    v.  Stern Stewart & Co. GmbH;

    w.  BKlemen Consulting GmbH;

    x.  Fridolin Privatstiftung;

    y.  BKlemen Beteiligungsgesellschaft mbH;

    z.  L42 Capital Partners GmbH;

    aa.  L4 Invest GmbH;

    bb.  IMOM s.r.l.s;

    cc.  Danapak Flexibles A/S; and

    dd.  LWH Holding ApS.

20.    Expenses billed to Schur Flexibles Group during the Relevant Time Period by any executive, officer, director, employee, or advisor of the LG Sellers and/or Schur Flexibles Group, including but not limited to expenses related to trips, personal travel, or vacations.

21.    Complaints or reports of problems relating to Schur Flexibles Group during the Relevant Time Period from anyone, including but not limited to:

    a.  Michael Schernthaner;

    b.  Michael Fischkin;

    c.  Conny Stöhrer;

    d.  Juan Luís Martínez Arteaga;

    e.  Thomas Langthaler;

    f.  Oliver Herlt;

    g.  Ingmar Stiegler;

    h.  Sebastian Artlieb;

    i.  Michaela Schön;

    j.  Daniela Schalko; and

    k.  Amra Sejdic.

22.    Business or personal payments or benefits provided to any of Your employees from or related to the LG Sellers and/or Schur Flexibles Group.

23.    Transfers of funds, assets or property between the LG Sellers, Schur Flexibles Group, Michael Schernthaner and/or Michael Fischkin, including any associated entity or individual.

24.    The positions, roles and/or responsibilities of the following individuals:

    a.  Thomas Unger;

    b.  Thomas Ludwig;

    c.  Paul Pruss;

    d.  Tijn van Hooven;

    e.  Michael Dees;

    f.  Robert Lindsay; and

g.  Alan Goldberg.

25.    The relationship between or among any of the individuals or entities identified in Request No. 19 and Thomas Unger, Michael Dees, Michael Schernthaner and Michael Fischkin.

26.    The financial performance of the Schur Flexibles Group relative to any other entity owned by either of the LG Sellers.

27.    The transactions reflected in the SPA and/or SHA including, but not limited to, the transmission and location of any monies or other form of remuneration remitted to any investor, whether direct, indirect, downstream or upstream, or to any other person.