UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re: the ex parte application of
B&C KB HOLDING GMBH,

          Applicant,

For an order pursuant to 28 U.S.C. § 1782
permitting Applicant to issue subpoenas in aid
of foreign proceedings to:

GOLDBERG LINDSAY & CO. LLC d/b/a
LINDSAY GOLDBERG, and MICHAEL
DEES,

          Respondents.
---------------------------------------------------------------X

22-mc-180 (LAK) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Before the Court are two outstanding letter motions to seal filed by Respondents. See ECF Nos. 19, 33. The letter motions seek to seal exhibits attached to Respondents' opposition to B&C KB Holding GmbH's ("B&C") application for discovery pursuant to 28 U.S.C. § 1782. See id. Respondents submitted redacted versions of these filings. See ECF Nos. 20, 34. Having reviewed the Respondents' letters, the outstanding motions to seal are **GRANTED.**

      Respondents represent that the exhibits: (1) include key documents in a pending confidential arbitration between B&C, Atlas Flexibles Cooperatief U.A. ("Atlas"), and Lindsay Goldberg Europe GmbH ("LGE"); (2) reflect sensitive, non-public financial and business information of Atlas and LGE; (3) contain identifying information regarding allegations involving specific individuals based in Europe in confidential or non-public proceedings; and (4) implicate the privacy interests of third parties, primarily based in Europe, including concerning

1

their confidential business interests and unadjudicated allegations of wrongdoing. ECF No. 19 at 1-3; ECF No. 33 at 1.

For the reasons identified by Respondents, good cause exists to seal the exhibits at issue from public disclosure. First, courts in this District have granted requests to seal documents that are subject to confidential arbitration proceedings. See Markowitz v. KBI Servs., No. 21-mc-00397 (LGS), ECF No. 41 at 1, 3 (S.D.N.Y. Oct. 7, 2021) (sealing pleadings in arbitration proceeding that were attached as exhibits to motion, where pleadings "contain confidential and sensitive information that [could] damage the company if obtained by competitors"); Silimed Industria de Implantes Ltda. v. Sientra, Inc., No. 16-CV-8624 (LTS) (KHP), ECF No. 71 at 1, 3 (S.D.N.Y. Apr. 5, 2017) (sealing arbitration pleading attached as exhibit, where pleading "was submitted as part of arbitral proceedings that the parties contractually agreed would remain confidential" and "contain[ed] confidential pricing information").

Further, courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

Lastly, courts have permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties. See Allianz Glob. Invs. GmbH v. Bank of Am. Corp., No. 18-CV-10364 (LGS), 2021 WL 211544, at *3 (S.D.N.Y. Jan. 21, 2021); City of Providence v. BATS Glob. Markets, Inc., No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); see also Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Under the circumstances presented here, the Respondents' motions to seal are **GRANTED**. The Clerk of Court is directed to terminate the motions at ECF Nos. 19 and 33.

**SO ORDERED.**

DATED:   New York, New York
         February 14, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge