Eric F. Leon
212-906-1200
eric.leon@lw.com

**LATHAM & WATKINS** LLP

**SO ORDERED**

*[signature]*

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 2-16-2023

B&C is directed to respond to Respondents' letter at ECF No. 46 by Wednesday, February 22, 2023.

February 15, 2023

<u>VIA ECF</u>

The Honorable Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    <u>*Ex Parte Application of B&C KB Holding GmbH*, No. 1:22-mc-00180 (LAK-VF)</u>

Dear Judge Figueredo:

    On behalf of Respondents Goldberg Lindsay & Co. LLC ("<u>LG</u>") and Michael Dees (together, "<u>Respondents</u>"), we write pursuant to the Court's Individual Practices in Civil Cases to respectfully request a stay of the Court's February 6, 2023 Opinion and Order (the "<u>Order</u>") (ECF No. 44), which granted B&C KB Holding GmbH's ("<u>B&C</u>") *ex parte* application (the "<u>Application</u>") for discovery under 28 U.S.C. § 1782 ("<u>Section 1782</u>"). On February 14, 2023, at 2:00 EST, counsel for B&C and Respondents participated in a telephonic meet and confer concerning Respondents' stay request that lasted approximately 5-10 minutes. B&C indicated that it opposes Respondents' request, and Respondents informed B&C that they believed the parties were at an impasse. Respondents now seek a discovery conference to raise their request for a stay.

    Respondents respectfully disagree with the Court's decision to grant the Application, and intend to raise an objection to the Order with the Honorable Lewis A. Kaplan. Under the proposed schedule agreed upon by the parties, Respondents' objection is due on March 6, 2023 and B&C must file any opposition within 14 days, *see* ECF No. 45, and B&C has already served Respondents with document and deposition subpoenas. Without a stay, Respondents' statutory right to object to the Court's Order will effectively be rendered meaningless, as Respondents will be forced to engage in the very Section 1782 discovery they seek to challenge. Such a result is particularly prejudicial here because, with no use limitation in place, B&C will be able to disclose the documents or testimony it obtains in foreign proceedings over which the Court has no control, including the arbitration B&C initiated in Germany. If Judge Kaplan determines that Your Honor erroneously granted B&C's Application, or any portion thereof, it will be impossible for Respondents to undo the prejudicial impact on the private arbitration. B&C, conversely, would not be harmed by a stay, including because there is no indication foreign prosecutors urgently need (or have any need at all) for the discovery B&C seeks.

    "In exercising discretion when determining a motion to stay" a district court order pending an appeal, courts consider the following factors: "(1) whether the stay applicant has made a strong

LATHAM&WATKINS LLP

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Gorsoan Ltd.*, 2020 WL 4194822, at *5 (S.D.N.Y. July 21, 2020). Each factor weighs in favor of a stay in this case.

*First*, there is a substantial likelihood that Respondents' objection will succeed. This factor does not require "that the movant is 'more likely than not' to succeed." *Id*. Instead, a "substantial possibility" of success is sufficient. *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 2012 WL 3023985, at *1 (S.D.N.Y. July 24, 2012). And, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay," meaning that "more of one excuses less of the other." *Gorsoan,* 2020 WL 4194822, at *5. Here, there is room for disagreement about several issues addressed in the Order. Respondents contend, for example, that the Application is actually a pretext by which B&C seeks discovery for use in the German arbitration, and as the Order acknowledged, a party cannot "use an arbitration as the underlying 'foreign proceeding'" under Section 1782. ECF No. 44, at 9-10. Even though the concerns Respondents raised regarding the pretextual nature of B&C's Application did not carry the day, ECF No. 44, at 7-13, there is reason to doubt that Section 1782 permits B&C's tactics. Judge Kaplan may ultimately determine that B&C has "institute[d] sham litigation as a cover to obtain Section 1782 discovery for use in other proceedings that could never have met the requirements of the statute," such that, at a minimum, there is "good cause for entry of a protective order prohibiting use of the discovery in other proceedings," or even "support [for] denying the Section 1782 application altogether." *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) (Kaplan, J.). Likewise, even though the Order concluded that the overbreadth of the requested discovery "speaks to the extent of the discovery that should be granted, not whether the statutory 'for use' requirement has been met," ECF No. 44 at 12, Judge Kaplan may ultimately reject the Application in light of the fact that B&C's proposed requests do not target a specific document or group of documents, and thus bear all the hallmarks of an impermissible fishing expedition. *See In re Postalis*, 2018 WL 6725406, at *4 (S.D.N.Y. Dec. 20, 2018) (denying Section 1782 application where requests were "not limited to any specific issues in the Brazilian litigations"). While there is no guarantee that Respondents' arguments will prevail, there is at least a substantial possibility in that regard, and that is enough to warrant a stay. *See Gorsoan*, 2020 WL 4194822, at *6, 8 (granting stay in light of the "strength of the respondents' 'for use' arguments on appeal"); *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) ("While this Court is still of the view that those asserted distinctions were immaterial, the Court of Appeals may disagree, and for that reason alone the plaintiffs have sufficiently demonstrated a likelihood of success on the merits."); *In re Kidd*, 2020 WL 3035960, at *3 (D. Conn. June 5, 2020) (granting stay because respondents had raised a "plausible argument" that precedent had been misapplied).

*Second*, Respondents—who face the prospect of producing various broad categories of potentially confidential and/or sensitive information that will, in all likelihood, end up in B&C's ongoing German arbitration—will suffer irreparable harm absent a stay. The risk that discovery will make its way to foreign entities outside the jurisdiction of U.S. courts can give rise to a "significant possibility of irreparable harm." *See In re Martinez Sampedro*, 2020 WL 1158701, at *2 (D. Conn. Jan. 16, 2020) (observing that "disclosure . . . to the [Spanish regulator,] which [wa]s not subject to a protective order or any other limitation on its use of that information, constitute[d]

irreparable harm"); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 131 F. Supp. 2d 540, 543 (S.D.N.Y. 2001) (respondent "will suffer irreparable harm unless a stay of the discovery sought by the 1998 Subpoenas is granted, since it will then be obligated, in order to purge its contempt, to provide the very discovery it argues it has no obligation to produce"). The risk here is not simply that Respondents' discovery materials will be produced to the Austrian prosecutor; rather, this case poses the additional risk that those materials will be used by B&C in the German arbitration, notwithstanding the Supreme Court's admonition that private arbitrations cannot serve as the basis for Section 1782 discovery. *See ZF Automotive US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2086-89 (2022). That is a harm than cannot be undone. Even if Judge Kaplan were to sustain Respondents' objection in whole or in part—Respondents could never undo the prejudice they would suffer in the German arbitration. A stay is thus warranted to preserve the status quo pending Judge Kaplan's determination of whether Section 1782 permits an applicant to take discovery notwithstanding the indicia of pretextual use present in this case. *See In re Accent Delight Int'l Ltd.*, 2018 WL 7473109, at *1 (S.D.N.Y. June 27, 2018) (observing that, in light of the support for Sotheby's position, including Second Circuit dicta, as well as "the potential burdens on Sotheby's in complying with the Court's Opinion and Order, and the fact that the proverbial bell cannot be unrung once Sotheby's discloses the information at issue," a stay "[wa]s warranted to maintain the status quo while Sotheby's seeks a definitive ruling on th[e] issue").

*Third*, B&C cannot articulate any urgency for the discovery it seeks, and it would not be substantially injured by the issuance of a stay. B&C's own behavior proves the point. B&C filed criminal proceedings in Austria and Germany in March and April of 2022, but waited months to file the Application. Moreover, there is no indication that Austrian or German prosecutors have requested—let alone, urgently need—the discovery B&C now seeks. To the contrary, the foreign prosecutors have sought discovery from various third parties as part of their investigation, yet have shown zero interest in the discovery sought from Respondents. But if the prosecutors were so inclined, a stay of this proceeding would not interfere with their ability to seek discovery directly from Respondents through MLAT. *Matter of Application of O2CNI Co., Ltd.*, 2013 WL 4442288, at *6 (N.D. Cal. Aug. 15, 2013) (denying 1782 application and stating that "[i]f Korean authorities want more information from the respondents, they can use the MLAT process[.]"). Given that Respondents' objections will be filed on or before March 6, 2023, a stay pending the resolution of Respondents' forthcoming objection would not substantially injure B&C. *See Sampedro*, 2020 WL 1158701, at *3 (granting stay after petitioner "fail[ed] to articulate any particular urgency or time sensitivity to his desire to disclose [the requested] documents to [Spanish regulatory agency]"); *S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 168 (2d Cir. 2012) (finding "no appreciable harm to anyone" because a stay would "do[] nothing more than maintain the status quo existing prior to the district court's order").

*Fourth*, a stay would "preserve [] judicial resources" by avoiding the potentially "unnecessary proceedings" associated with commencing discovery. *See Gorsoan*, 2020 WL 4194822, at *8; *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) ("considerations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary").

For the foregoing reasons, Respondents respectfully request a stay of the Court's Order pending the resolution of Respondents' forthcoming objection.

LATHAM & WATKINS LLP

                                                   Respectfully submitted,

                                                   /s/ Eric F. Leon
                                                 Eric F. Leon

cc:     All counsel of record (via ECF)