**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 7/5/2023 __
```

In re: the ex parte application of
B&C KB HOLDING GMBH,

              Applicant,

For an order pursuant to 28 U.S.C. § 1782
permitting Applicant to issue subpoenas in aid
of foreign proceedings to:

GOLDBERG LINDSAY & CO. LLC d/b/a
LINDSAY GOLDBERG, and MICHAEL
DEES,

              Respondents.
-----------------------------------------------------------------X

           22-mc-180 (LAK) (VF)

           **<u>ORDER</u>**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       Before the Court is an outstanding letter motion to seal filed by Respondents. <u>See</u> ECF

No. 79. The letter motion seeks leave to file certain information under seal in connection with

Respondents' letter to the Court concerning a discovery conference scheduled for July 10, 2023.

<u>See</u> <u>id.</u> Specifically, Respondents seek leave to seal a document attached as Exhibit A to the

letter, and to redact references of the same in the letter. <u>See id.</u> Respondents have submitted such

proposed redactions at ECF No. 78. Having reviewed the Respondents' filings, the outstanding

motion to seal is **GRANTED.**

       Respondents represent that the document attached as Exhibit A is a key document

submitted in a pending confidential arbitration between B&C, Atlas Flexibles Coöperatief U.A.

and Lindsay Goldberg Europe GmbH, and that it contains identifying information regarding

specific individuals based in Europe in confidential proceedings. See ECF No. 79 at 1-2. For the

reasons identified by Respondents, good cause exists to seal the exhibits at issue from public

disclosure. First, courts in this District have granted requests to seal documents that are subject to confidential arbitration proceedings. See Markowitz v. KBI Servs., No. 21-mc-00397 (LGS), ECF No. 41 at 1, 3 (S.D.N.Y. Oct. 7, 2021) (sealing pleadings in arbitration proceeding that were attached as exhibits to motion, where pleadings "contain confidential and sensitive information that [could] damage the company if obtained by competitors"); Silimed Industria de Implantes Ltda. v. Sientra, Inc., No. 16-CV-8624 (LTS) (KHP), ECF No. 71 at 1, 3 (S.D.N.Y. Apr. 5, 2017) (sealing arbitration pleading attached as exhibit, where pleading "was submitted as part of arbitral proceedings that the parties contractually agreed would remain confidential" and "contain[ed] confidential pricing information").

Further, courts have permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties. See Allianz Glob. Invs. GmbH v. Bank of Am. Corp., No. 18-CV-10364 (LGS), 2021 WL 211544, at *3 (S.D.N.Y. Jan. 21, 2021); City of Providence v. BATS Glob. Markets, Inc., No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); see also Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Under the circumstances presented here, the

Respondents' motion to seal is **GRANTED**. The Clerk of Court is directed to terminate the

motion at ECF No. 79.

**SO ORDERED.**

DATED:      New York, New York
            July 5, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge