UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re: the ex parte application of
B&C KB HOLDING GMBH,

     Applicant,          **OPINION & ORDER**

For an order pursuant to 28 U.S.C. § 1782    22-mc-00180 (LAK) (VF)
permitting Applicant to issue subpoenas in aid
of foreign proceedings to:

GOLDBERG LINDSAY & CO. LLC d/b/a
LINDSAY GOLDBERG, and MICHAEL
DEES,

     Respondents.
------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

   For the reason stated at the conference on February 7, 2024, Respondents' Motion to Quash is **DENIED.** The Clerk of Court is respectfully directed to terminate the motion at ECF No. 91.

   Before the Court, are also five outstanding letter motions to seal. For the reasons articulated below, the motions are **GRANTED.** The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 58, 90, 100, 117, and 121. The Clerk of Court is also respectfully directed to maintain ECF Nos. 59, 93, 95, 102, 118, and 122 under seal.

   Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation and internal quotation marks omitted); see also Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left

1

to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

At ECF No. 58, Respondents seek permission to file under seal documents obtained from the Austrian prosecutor's criminal file, either because the documents contain prosecutorial communications or have identifying information regarding allegations made against or regarding specific individuals based in Europe in confidential proceedings. ECF No. 58 at 2. The documents that contain identifying information, Respondents explain, implicate the European Union Regulation 2016/679, otherwise known as the GDPR. Id. These reasons identified by Respondents warrant sealing of the identified documents. First, the Second Circuit has recognized "the sensitivity of an ongoing criminal investigation" to be one of the "'higher values' justifying sealing." United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (quoting Press-Enterprise Co. v. Superior Court of Calif. For Riverside County, 478 U.S. 1, 13 (1986)). And, sealing is further warranted "to prevent the unauthorized dissemination of personal data subject to [the GDPR]." Allianz Glob. Invs. GmbH v. Bank of Am. Corp., No. 18 CIV. 10364 (LGS), 2021 WL 211544, at *3 (S.D.N.Y. Jan. 21, 2021).

Next, Respondents request to seal Exhibits 3 through 8 and 11 of their motion to quash. ECF No. 90. Respondents also seek redaction of references to "Confidential Documents" and documents that were previously sealed in this matter in Respondents' motion papers and in Dr. Caroline Toifl's declaration. Id. Respondents represent that the Confidential Documents consist of communications between or with employees of Schur Flexibles Group, outside counsel for B&C, and DSIRF GmbH. Additionally, the documents reflect sensitive, non-public business information and relationships of Schur, B&C, and DSIRF. Id. at 2. Respondents also state that the Confidential Documents contain private and identifying information regarding specific

2

individuals based in Europe, including third-party individuals and entities that are not parties to this matter, thereby implicating the GDPR. Id. For these reasons, good cause exists to seal the identified documents from public disclosure.

First, as outlined in prior orders allowing similar documents to be sealed, see ECF Nos. 48 and 82, courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases). Courts have also permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data or the privacy interests of third parties. See Allianz Glob. Invs. GmbH v. Bank of Am. Corp., No. 18-CV-10364 (LGS), 2021 WL 211544, at *3 (S.D.N.Y. Jan. 21, 2021); City of Providence v. BATS Glob. Markets, Inc., No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022). And, as already stated, sealing is further warranted to prevent the unauthorized dissemination of personal data subject to the GDPR.

B&C requests to seal Exhibit 10 attached to the Declaration of Zachary Rosenbaum. ECF No. 100. B&C states that the exhibit contains confidential information of a pending arbitration between B&C, Atlas Flexibles Cooperatief U.A., and Lindsay Goldberg Europe GmbH. Id. at 1. The Court previously granted Respondents' motion requesting to seal certain confidential documents from the same arbitration. See ECF No. 48. As explained in that order, courts in this District have granted requests to seal documents that are subject to confidential arbitration proceedings. See Markowitz v. KBI Servs., No. 21-mc-397 (LGS), ECF No. 41 at 1, 3 (S.D.N.Y.

Oct. 7, 2021) (sealing pleadings in arbitration proceeding that were attached as exhibits to motion, where pleadings "contain confidential and sensitive information that [could] damage the company if obtained by competitors"); Silimed Industria de Implantes Ltda. v. Sientra, Inc., No. 16-CV-8624 (LTS) (KHP), ECF No. 71 at 1, 3 (S.D.N.Y. Apr. 5, 2017) (sealing arbitration pleading attached as exhibit, where pleading "was submitted as part of arbitral proceedings that the parties contractually agreed would remain confidential" and "contain[ed] confidential pricing information"). For the same reason, sealing is appropriate as to Exhibit 10.

    Respondents seek to redact certain information in connection with their letter to provide additional information regarding the Austrian prosecutor's outreach. Specifically, Respondents request to (i) redact certain information concerning an ongoing investigation in the Second Declaration of Caroline Toifl (the "Toifl Decl."), attached as Exhibit A to the letter, (ii) seal the summons, attached as Exhibit 1 to the Toifl Declaration (the "Summons," and together with the Toifl Declaration, the "Investigation Documents"), and (iii) redact references to the Investigation Documents in the letter. See ECF No. 117. Respondents state that the Investigation Documents concern prosecutorial communications regarding discovery sought or documents that have been submitted in connection with an ongoing criminal investigation. Id. at 2. Respondents also state that the Investigation Documents contain identifying information regarding allegations made against or regarding specific individuals based in Europe in confidential proceedings and as such, the documents implicate the GDPR. Id. Further, Respondents aver that the Investigation Documents should be sealed because they implicate the privacy interests of innocent third parties. Id. For these reasons, the motion should be granted.

    As just explained, the Second Circuit has recognized the sensitivity of an ongoing criminal investigation to be a basis for sealing documents. And, as also explained, the fact that

these documents contain personal information pertaining to third parties warrants sealing. Additionally, sealing is also warranted to prevent the unauthorized dissemination of information subject to the GDPR.

Lastly, B&C requests to redact and file under seal certain information contained in their February 5, 2024 letter and the declaration attached thereto. ECF No. 121. B&C states that the letter and the exhibit contain information concerning prosecutorial communications regarding discovery sought, or documents that have been submitted in connection with an ongoing criminal investigation. The letter and exhibit also contain identifying information regarding allegations made against or regarding specific individuals based in Europe in confidential proceedings. Id. Based on B&C's representations, this information warrants sealing for the same reasons just articulated.

**SO ORDERED.**

DATED:   New York, New York
         February 7, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge