# Exhibit J

**From:** Igor Margulyan
**To:** Jooyoung.Yeu@lw.com; Eric.Leon@lw.com; Tyler.Halloran@lw.com
**Cc:** Zachary D. Rosenbaum; Leif T. Simonson
**Subject:** RE: [EXTERNAL] RE: In re Matter of the Ex Parte Application of B&C - Privilege Log
**Date:** Thursday, January 16, 2025 9:19:16 PM
**Attachments:** 2025 01 16 - B&C Statement for Status Update.docx

---

Jooyoung,

Further to below and our discussion today, please see attached for B&C's statement to include in the joint update that you plan to file tomorrow. When ready, please send us the proposed final draft for our review.

Also, as discussed, we have uploaded to a ShareFile folder some documents from the A&M database that, based on our review, should have been included in Respondents' productions, but were not. We would appreciate it if you could review those and let us know why they did not appear in Respondents' productions.

Regards,
Igor

Igor Margulyan
+1 212 488 1263

KOBRE & KIM

www.kobrekim.com

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

---

**From:** Igor Margulyan <Igor.Margulyan@kobrekim.com>
**Sent:** Thursday, January 16, 2025 12:16 PM
**To:** Jooyoung.Yeu@lw.com; Eric.Leon@lw.com; Tyler.Halloran@lw.com
**Cc:** Zachary D. Rosenbaum <Zachary.Rosenbaum@kobrekim.com>; Leif T. Simonson <Leif.Simonson@kobrekim.com>
**Subject:** RE: [EXTERNAL] RE: In re Matter of the Ex Parte Application of B&C - Privilege Log

Jooyoung,

I'm available at 3:30pm and 5pm ET, so we can speak at either of those times.

To the extent it helps clarify things prior to our call, our position is that, under the Second

Circuit's applicable choice-of-law test, German law (and not U.S. law) governs whether documents concerning German law advice are privileged which we believe implicates all documents in Categories 1-3, 5-6 of Respondents' log (which appear to deal predominantly, is not solely, with issues of German law), and likely Category 7 subject to our review of a document-by-document log for that category.

Thanks.

Igor Margulyan
+1 212 488 1263

KOBRE & KIM

www.kobrekim.com

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

---

**From:** Jooyoung.Yeu@lw.com <Jooyoung.Yeu@lw.com>
**Sent:** Thursday, January 16, 2025 9:10 AM
**To:** Igor Margulyan <Igor.Margulyan@kobrekim.com>; Eric.Leon@lw.com; Tyler.Halloran@lw.com
**Cc:** Zachary D. Rosenbaum <Zachary.Rosenbaum@kobrekim.com>; Leif T. Simonson <Leif.Simonson@kobrekim.com>
**Subject:** RE: [EXTERNAL] RE: In re Matter of the Ex Parte Application of B&C - Privilege Log

Thanks, Igor. I'm not sure how to interpret parts of your email below. Can we set up a time today to discuss the below and the status update due tomorrow? I'm available from 2-4 or after 5.

**Jooyoung Yeu**

LATHAM & WATKINS LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4759 | M: +1.347.330.0910

---

**From:** Igor Margulyan <Igor.Margulyan@kobrekim.com>
**Date:** Wednesday, Jan 15, 2025 at 10:23 AM
**To:** Yeu, Jooyoung (NY) <Jooyoung.Yeu@lw.com>, Leon, Eric (NY) <Eric.Leon@lw.com>, Halloran, Tyler (NY) <Tyler.Halloran@lw.com>
**Cc:** Zachary D. Rosenbaum <Zachary.Rosenbaum@kobrekim.com>, Leif T. Simonson <Leif.Simonson@kobrekim.com>

**Subject:** RE: [EXTERNAL] RE: In re Matter of the Ex Parte Application of B&C - Privilege Log

Jooyoung,

Thank you for the response and very sorry to hear you've been under the weather. Hope you feel better!

As for the privilege issues raised in my email of January 7, we note the following in light of your response below:

1. Your clients were required to identify the jurisdiction's law under which they assert privilege. They have failed to do so in the privilege log. Multiple jurisdiction's laws cannot supply the privilege rule for the same document or related grouping of documents. Rather, "where the parties dispute which nation's privilege law furnishes the 'legally applicable privilege,' and those competing national laws provide different results, courts should first conduct a choice-of-law analysis to determine which body of privilege law applies." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 98 (2d Cir. 2020).
2. Similarly, your clients have provided no basis to assert privilege over communications in that took place among Lindsay Goldberg personnel, Lindsay Goldberg's counsel, and third parties, such as financial/tax advisors and/or Schur personnel.

3. With respect to Category 7, our original request for a document-by-document log applied to all documents in that category, not just those including financial advisors. In that regard, our position is that various documents in Category 7 may not be privileged even if they consist of communications between an attorney and client only. Examples of such documents include (i) any documents in Category 7 that concerned provision of German-law advice which we believe would not be privileged as a matter of German law and (ii) communications that involved provision of business/financial advice, as opposed to legal advice. *See*, *e.g.*, *Urb. Box Off. Network, Inc. v. Interfase Managers, L.P.*, No. 01 CIV. 8854 LTS/THK, 2006 WL 1004472, at *6 (S.D.N.Y. Apr. 18, 2006) (finding that documents containing outside counsel's suggestions regarding corrections to capitalization table were not privileged and constituted business advice).

In the interest of time, and reserving all rights, we would be prepared to exclude from this request for document-specific log communications in Category 7 that are between LG and its counsel only (without any third parties) and that concern "B&C allegations and claim notices" and/or "litigation strategy." We otherwise maintain our request for document-by-document log for all Category 7 documents that either included advisors (irrespective of subject matter) or dealt with transactional matters that are listed in the log (i.e. shareholder funding, restructuring, lender negotiations and transaction documents). Please let us know the expected timing for providing such supplemental log.

Regards,
Igor

Igor Margulyan
+1 212 488 1263

KOBRE & KIM

www.kobrekim.com

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

---

**From:** Jooyoung.Yeu@lw.com <Jooyoung.Yeu@lw.com>
**Sent:** Monday, January 13, 2025 5:25 PM
**To:** Igor Margulyan <Igor.Margulyan@kobrekim.com>; Eric.Leon@lw.com; Tyler.Halloran@lw.com
**Cc:** Zachary D. Rosenbaum <Zachary.Rosenbaum@kobrekim.com>; Leif T. Simonson <Leif.Simonson@kobrekim.com>
**Subject:** RE: [EXTERNAL] RE: In re Matter of the Ex Parte Application of B&C - Privilege Log

Thanks, Igor. Consistent with Local Rule 26.2, we identified the nature of the privilege being claimed on the log, and privilege determinations were made under U.S. privilege law. To the extent that there are additional or other protections under German, Austrian or Dutch law, we would rely on that as well. As you know, Section 1782 provides that “A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.”

We disagree with your assertion that privileged communications that include advisors, or that include Schur personnel during the period of Respondents’ ownership of Schur, are per se not privileged. We will double check those communications and confirm the privilege determinations.

With respect to category 7, which encompasses the period after B&C acquired Schur / raised allegations and sent claims notices regarding Schur, am I right that you are focused on evaluating

communications involving advisors (as noted on the log, folks from Rothschild and Alix)? We can provide a document by document log of each communication that includes those advisors on a quicker timeline (by early February)? If that is not correct, then we should discuss timing. Either way, given the time period at issue, my expectation is that we won't have many (or any) disagreements on privilege.

I also appreciate your patience – I've been dealing with some health issues and was out last week, but wanted to acknowledge receipt of your email.

Best,

Jooyoung

**Jooyoung Yeu**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4759 | M: +1.347.330.0910

---

**From:** Igor Margulyan <Igor.Margulyan@kobrekim.com>
**Sent:** Thursday, January 9, 2025 5:56 PM
**To:** Yeu, Jooyoung (NY) <Jooyoung.Yeu@lw.com>; Leon, Eric (NY) <Eric.Leon@lw.com>; Halloran, Tyler (NY) <Tyler.Halloran@lw.com>
**Cc:** Zachary D. Rosenbaum <Zachary.Rosenbaum@kobrekim.com>; Leif T. Simonson <Leif.Simonson@kobrekim.com>
**Subject:** RE: [EXTERNAL] RE: In re Matter of the Ex Parte Application of B&C - Privilege Log

Thanks Jooyoung. Happy New Year to you and your team as well!

As for the timing of your responses, we are frankly surprised that you need until next week to respond to our questions regarding applicable privilege law and whether Respondents will provide a document-by-document log for Category 7 documents. Especially with respect to the former, we presume Respondents already know which law they applied when making privilege calls, so we do not understand why that information is not immediately available. Please advise.

Regards,
Igor

Igor Margulyan
+1 212 488 1263

KOBRE & KIM

www.kobrekim.com

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

---

**From:** Jooyoung.Yeu@lw.com <Jooyoung.Yeu@lw.com>
**Sent:** Thursday, January 9, 2025 1:12 PM
**To:** Igor Margulyan <Igor.Margulyan@kobrekim.com>; Eric.Leon@lw.com; Tyler.Halloran@lw.com
**Cc:** Zachary D. Rosenbaum <Zachary.Rosenbaum@kobrekim.com>; Leif T. Simonson <Leif.Simonson@kobrekim.com>
**Subject:** [EXTERNAL] RE: In re Matter of the Ex Parte Application of B&C - Privilege Log

Thanks Igor, confirmed receipt. We expect to respond by early next week. Hope you and your team had a good holiday and start to the new year.

**Jooyoung Yeu**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4759 | M: +1.347.330.0910

---

**From:** Igor Margulyan <Igor.Margulyan@kobrekim.com>
**Date:** Tuesday, Jan 07, 2025 at 12:55 PM
**To:** Leon, Eric (NY) <Eric.Leon@lw.com>, Yeu, Jooyoung (NY) <Jooyoung.Yeu@lw.com>, Halloran, Tyler (NY) <Tyler.Halloran@lw.com>
**Cc:** Zachary D. Rosenbaum <Zachary.Rosenbaum@kobrekim.com>, Leif T. Simonson <Leif.Simonson@kobrekim.com>
**Subject:** In re Matter of the Ex Parte Application of B&C - Privilege Log

Counsel,

Having reviewed the Respondents' privilege log that's attached, we write to identify the following deficiencies in the log:

1. **Applicable Privilege Law**

   a. Under Local Rule 26.2(a)(1), a privilege log is to identify the jurisdiction whose privilege law is being invoked. Respondents' privilege log contains no such information. And because many of the logged communications involve non-U.S. lawyers, it is unclear whether Respondents relied on U.S. law or non-U.S. law to assert privilege over the logged material. Accordingly, we ask that you identify, by this Thursday, for each category in the log, the jurisdiction on whose law Respondents relied for their privilege claims.

2. **Non-Privileged Communications in Categories 1-5**

   a. Respondents appear to have overreached on hundreds of their privilege assertions because many, if not most, of the logged communications in Categories 1 through 5: (i) relate solely to transactional and/or other financial matters and (ii) involve multiple non-lawyer advisors and other parties (such as Goldman Sachs, PwC, E&Y, BMO, etc.). Communications involving such non-legal advisors are not protected by the attorney-client privilege and therefore must be produced.

   b. According to Category 3 in the log, Respondents withheld communications with lawyers from Gleiss Lutz and Freshfields that also included certain Schur personnel. Our understanding from review of LG's documents is that Gleiss Lutz and Freshfields were retained by LG only or by Schur only, but not both. Accordingly, we see no basis on which communication involving both LG employees and Schur employees may be withheld as privileged and, therefore, request that all such communications also be produced immediately.

3. **Category 7 Documents**

   a. Category 7 improperly combines into a single category numerous documents that involve different subject matters and multiple non-lawyer third parties. Without seeing the identity of senders and recipients for each communication, including whether any of those communications involved third parties, it is impossible for us to assess whether documents in Category 7 were properly withheld either as privileged and/or as work product. The log shows that many documents in


Category 7 deal primarily, if not solely, with financial matters (shareholder funding, restructuring, etc.) and include non-legal advisors. In many instances, such communications would not be privileged. *Urb. Box Off. Network, Inc. v. Interfase Managers, L.P.*, No. 01 CIV. 8854 LTS/THK, 2006 WL 1004472, at *4 (S.D.N.Y. Apr. 18, 2006) ("[S]imply because financial consultants are employed to assist a company in a restructuring transaction does not mean that their communications with the company's attorneys are privileged").

b. Given the above, we request that Respondents provide a document-by-document log for all documents in Category 7. Such log should identify for each communication its subject matter that would be sufficient for us to assess the nature of the communications to determine if it was properly withheld as privileged. Please confirm by this Thursday that Respondents will provide a document-by-document log for Category 7 and the date by which such supplemental log will be provided.

We are available to meet and confer this Wednesday regarding the foregoing.

Regards,
Igor

Igor Margulyan
+1 212 488 1263

KOBRE & KIM

www.kobrekim.com

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.